Dante N. RUFFO, Plaintiff,

v.

The CHASE MANHATTAN BANK, N.A., and Bank of Boston, formerly known as the First National Bank of Boston, Defendants.

No. 90 Civ. 4303 (RPP).

United States District Court, S.D. New York.

Aug. 27, 1991.

---

Cordero Glasgow & Barness, New York City by Gelacio M. Cordero, for plaintiff.

Chase Manhattan Bank, N.A., Litigation Div., New York City by Marianne P. Sender, for defendants.

## OPINION AND ORDER

ROBERT P. PATTERSON, Jr., District Judge.

Plaintiff Dante N. Ruffo ("Ruffo") moves pursuant to Rule 60(b)(3) of the Federal Rules of Civil Procedure to vacate a judgment of this Court, dated June 5, 1991, granting defendant Chase Manhattan Bank, N.A. ("Chase") summary judgment in the instant action. Ruffo also argues

that the Court abused its discretion under Rule 6(b)(1) of the Federal Rules of Civil Procedure in dismissing his claims.

The dismissed lawsuit is based on a claim of defendant's liability for plaintiff's loss made possible by a theft of plaintiff's check, sent by defendant for collection by ordinary mail to a Uruguay bank. On March 11, 1991 the Court granted Chase summary judgment to take effect 60 days after the order was entered,

> unless plaintiff submits new evidence within said time period demonstrating that [Chase] made use of courier service in similar banking transactions with Uruguay banks or that [Chase] had knowledge of a high degree of theft of mail to banks in Uruguay.

Following this order, Ruffo's counsel deposed two Chase officers, Thomas White and Patsy A. Simmons, on April 18, 1991.

In his moving declaration, counsel states he called chambers on May 11, 1991, for an extension of time.[1] May 11, 1991 was the last day of the 60–day period following the entry of the summary judgment order. On May 14, 1991, upon receipt of counsel's written request for an extension, dated May 14, 1991, the Court denied Ruffo's application since it contained no reference to evidence satisfying the conditions stated in the March 11, 1991 order and granted summary judgment to Chase; plaintiff's counsel was so notified on that date. On June 5, 1991, the Clerk of the Court entered judgment dismissing the case.

Some time on or after July 8, 1991, Ruffo filed the instant motion to vacate the judgment.[2] Ruffo argues that first, pursuant to Rule 6(b)(1) of the Federal Rules of Civil Procedure this Court erred in denying his application to enlarge the time for response

---

1. May 11, 1991 was a Saturday. The May 14, 1991 letter of plaintiff's counsel states that the telephone conversation with chambers took place on May 8, 1991, in which he was advised a letter requesting an extension of time should be received by May 13, 1991; that instead of writing, he made another telephone call to chambers on the evening of May 13, 1991; and that he wrote such a letter on May 14, 1991. Declaration of Gelacio M. Cordero, July 8, 1991, Exhibit 2.

2. Ruffo's counsel apparently executed his declaration on July 8, 1991 and also declares that copies of the motion papers were served on opposing counsel on July 8, 1991; the court stamps on the original motion papers, however, indicate that they were filed on July 26, 1991. For this motion, however, the Court will assume the motion was made on July 8, 1991.

to the Court's order; and second, the judgment should be vacated based on "fraud ..., misrepresentation or other misconduct of an adverse party" pursuant to Rule 60(b)(3) of the Federal Rules of Civil Procedure.

Fed.R.Civ.P. 6(b) states, in pertinent part, that:

... the court for cause shown may at any time in its discretion (1) ... order the period enlarged if request therefor is made before the expiration of the period originally prescribed or as extended by a previous order, or (2) upon motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect[.]

Plaintiff's application for an extension of time was not made "before the expiration of the period originally prescribed," *id.*, nor did counsel's letter show sufficient grounds for a finding of excusable neglect. The Court found that counsel had not made a showing sufficient to warrant a further extension of time.

Regardless of the Court's decision that the plaintiff did not meet the requirements of Fed.R.Civ.P. 6(b), plaintiff has not, even by its present submission, complied with the Court's order of March 11, 1991. Plaintiff has not shown that "[Chase] made use of courier service in similar banking transactions with Uruguay banks" or that "defendant had knowledge of a high degree of risk of theft of mail to banks in Uruguay."

Furthermore, the declaration by plaintiff's counsel that the deposition of Chase officer Patsy A. Simmons, which he took on April 18, 1991, is inconsistent with her earlier affidavit in support of Chase's motion for summary judgment, and that such contradiction indicates fraud and misrepresentation by Chase in obtaining the earlier judgment, is misleading, to say the least. Specifically, Ruffo claims that Simmons stated in substance in her supporting affidavit that "Ruffo was made aware of all of his options in effectuating the transactions contemplated by Ruffo, including the availability of wire transfers[,]" Declaration of Gelacio M. Cordero, July 8, 1991 ("Cordero

Decl."), and then later at deposition acknowledged that in fact wire transfers had never been discussed with Ruffo. The Simmons Affidavit did not make the statement claimed by counsel's declaration. Reply Affidavit of Patsy A. Simmons, February 13, 1991. In addition, it is not inconsistent with her later testimony at deposition. Cordero Decl., Exhibit 3. The Court does not agree that Simmons' affidavit constitutes "fraud, misrepresentation or other misconduct." Fed.R.Civ.P. 60(b)(3). Accordingly, the Court denies plaintiff's motion under Fed.R.Civ.P. 60(b)(3).

For the reasons stated above, Ruffo's motion to vacate the judgment of this Court is denied.

IT IS SO ORDERED.